Order Filed on August 9, 2019
by Clerk U.S. Bankruptcy Court
District of New Jersey

| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
|---|---|
| **Caption in compliance with D.N.J. LBR 9004-1(b)**<br><br>**HILL WALLACK LLP**<br>Elizabeth K. Holdren, Esq.<br>21 Roszel Road<br>P.O. Box 5226<br>Princeton, NJ 08543<br>Phone: 609-924-0808<br>Email: eholdren@hillwallack.com<br>*Attorneys for NewRez LLC d/b/a Shellpoint Mortgage Servicing as servicer for 1900 Capital Trust II, by U.S. Bank Trust National Association, not in its individual capacity but solely as Certificate Trustee* | |
| In Re:<br><br>TRINA D. HERRING,<br><br>Debtor. | Case No.: 19-19338(JNP)<br><br>Chapter: 13<br><br>Hearing Date: July 31, 2019<br><br>Judge: Jerrold N. Poslusny, Jr., U.S.B.J. |

## ORDER RESOLVING OBJECTION TO CONFIRMATION

The order set forth on the following page, numbered two (2), is hereby **ORDERED**.

**DATED: August 9, 2019**

_____
Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court

**Page | 2**
Debtor: Trina D. Herring
Case No: 19-19338(JNP)
Caption: Order Resolving Objection to Confirmation

THIS MATTER having been brought before the Court by Joseph J. Rogers, Esq., attorney for the Debtor, Trina D. Herring ("Debtor"), upon the filing of a Chapter 13 Plan, and NewRez LLC d/b/a Shellpoint Mortgage Servicing as servicer for 1900 Capital Trust II, by U.S. Bank Trust National Association, not in its individual capacity but solely as Certificate Trustee, ("Secured Creditor"), by and through its attorneys, Hill Wallack, LLP, having filed an Objection to the Confirmation of said Chapter 13 Plan, and the parties having subsequently resolved their differences; and the Court noting the consent of the parties to the form, substance and entry of the within Order; and for good cause shown;

**IT IS HEREBY ORDERED** as follows:

1. Debtor's Chapter 13 Plan and any subsequently filed modified Plan and entered Order confirming the Chapter 13 Plan are hereby amended pursuant to the terms set forth herein.

2. Debtor agrees that upon confirmation, the stay is terminated as to surrendered collateral (real property known as 435 Ellis Avenue, Lawnside, New Jersey 08045) only under 11 U.S.C. 362(a), and that the stay under 11 U.S.C. 1301 be terminated in all respects as to Secured Creditor.

3. Upon confirmation, Secured Creditor its successors or assignees, may proceed with its rights and remedies under the terms of the subject mortgage and pursue its state court remedies including, but not limited to, taking the property to sheriff's sale, in addition to potentially pursuing other loss mitigation alternatives, including, but not

**Page | 3**
Debtor: Trina D. Herring
Case No: 19-19338(JNP)
Caption: Order Resolving Objection to Confirmation

limited to, a loan modification, short sale or deed-in-lieu foreclosure. Additionally, any purchaser of the property at sheriff's sale (or purchaser's assignee) may take any legal action for enforcement of its right to possession of the property.

4. Secured Creditor may join the Debtor, the Co-Debtor and any trustee appointed in this case as defendants in its action(s) irrespective of any conversion to any other chapter of the Bankruptcy Code.

5. All communications sent by Secured Creditor in connection with proceeding against the property including, but not limited to, notices required by state law and communications to offer and provide information with regard to a potential Forbearance Agreement, Loan Modification, Refinance Agreement, Loss Mitigation Agreement, or other Loan Workout, may be sent directly to Debtors and Co-Debtors.